**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RODRIGO ORTEGO-VIVANCO, *et al.*,

Petitioners,

v.

REGGIE RADER, *et al.*,

Respondents.

Case No. 2:26-cv-02068-RFB-DJA

**SCREENING ORDER**

Petitioners, all of whom are immigration detainees, have filed a joint, counseled petition for writs of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). They challenge the lawfulness of their ongoing detention at various detention facilities across the Las Vegas Valley at the hands of Immigration and Customs Enforcement ("ICE"). They assert they are members of the certified class in Jacobo-Ramirez v. Noem, 823 F. Supp. 3d 1182 (D. Nev. 2026).[1] Therefore, they may be entitled to relief pursuant to the Court's partial summary judgment in favor of the class. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

### I.   FILING FEE

As a preliminary matter, the Court has reviewed Petitioners' financial information, see generally Appl. to Proceed *in Forma Pauperis*, ECF No. 2 (July 8, 2026), and finds that they should not be required to pay the filing fee in this matter. Cf. 28 U.S.C. § 1915(a) (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*). Therefore, **IT IS HEREBY ORDERED** Petitioners' Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2)

---

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

is **GRANTED**.

## II.    DOCUMENT PRODUCTION

This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." Harris v. Nelson, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); see also Rule 7, Rules Governing § 2254 Cases in the United States District Courts (empowering a court to expand the record by directing the parties to submit additional materials relating to the petition) [hereinafter, "Habeas Rules"]. The Court concludes limited discovery is necessary to expand the record and properly dispose of this matter.

Therefore, **IT IS HEREBY ORDERED** Respondents must **PRODUCE** the following records as to each Petitioner because they are relevant to the lawfulness of Petitioners' detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioners' removal, or custody redetermination, proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioners; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records Respondents rely on to justify Petitioners' detention. Specifically, Respondents must **PRODUCE** these materials to Petitioners' Counsel by **July 14, 2026**. Alternatively, by that same date, Respondents must **CERTIFY** that, after a diligent search, they have determined that the record(s) are not in their possession, custody, or control.

## III.    BRIEFING

**IT IS HEREBY ORDERED** the following parameters will govern in this case. See Rule 4, Habeas Rules ("[T]he judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."):

### A.  SCHEDULE

i.    **Interrogatories Regarding Warrants and Initial Custody Determinations:**

On or before **July 14, 2026,** Respondents must file an answer under oath to the following interrogatories, see Rule 7, Habeas Rules: (1) was each petitioner arrested pursuant to a lawfully executed and served administrative warrant under 8 C.F.R. § 236.1(b); (2) was an initial custody determination conducted as to each petitioner under 8 C.F.R. § 236.1(c)(8); (3) was a Form I–286, Notice of Custody Determination served on each petitioner under 8 C.F.R. § 236.1(g). As to each petitioner, Respondents must attach the following documents to their response, or certify those documents are not in their possession, custody, or control.: (1) Form I-200 Warrant for Arrest of Alien; (2) Form I-286 Notice of Initial Custody Determination.

    ii.    **Return:** On or before **July 17, 2026**, Respondents must file a response which **SHOWS CAUSE** for Petitioners' detention by "certifying [its] true cause." 28 U.S.C. § 2243. In doing so, Respondents should: (1) indicate whether they contend Petitioners are, or are not, members of the Jacobo Ramirez Class, cf. Jacobo-Ramirez, 2026 WL 879799, at *33; (2) identify the statutory provision(s) which authorize Petitioners' detention; (3) explain why they apply; and (4) attach each petitioners' Form I-862 (*a.k.a.*, Notice to Appear) and Form I-213 (*a.k.a.*, Record of Deportability/Inadmissibility) to their response. As always, Respondents should not re-argue their faulty interpretation of 8 U.S.C. § 1225(b)(2)(A), as this issue has already been litigated, and decided, by this Court. See generally Jacobo Ramirez, 2026 WL 879799 (D. Nev. Mar. 30, 2026). With that being said, Respondents may reference their prior briefing on this issue for appellate purposes.

    iii.    **Traverse**: Petitioners have up to, and including, **July 22, 2026**, to reply.

**B. FILINGS**

    i.    Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

    ii.    The Parties shall file all documents and exhibits in accordance with Local Rules

LR IA 10-1 through 10-5.

iii.   The Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for an extension must certify efforts made to meet and confer and indicate the opposing party's position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv.   The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. See LR IC 6-1; see also Fed. R. Civ. P. 5.2.

### IV.   JURISDICTION

To preserve the Court's jurisdiction pending a ruling on the petition, **IT IS HEREBY ORDERED** Respondents shall not remove Petitioners from the United States District of Nevada, absent leave of Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Petitioners' removal from this judicial district could interfere with the Court's jurisdiction and ability provide appropriate relief. The Court thus finds this order is warranted to maintain the *status quo*.

### V.   SERVICE AND INSTRUCTIONS TO THE CLERK OF COURT

The Clerk of Court is kindly instructed to:

- 4 -

1. **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. The Clerk is further instructed to **SEND** a copy of this Order to the FPD and CJA Coordinator for this division.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all Federal Respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), and this Order, to Counsel for Respondents: (1) John Mattos at ahesman@strucklove.com and (2) Reggie Rader at christian.orme@cityofhenderson.com.

4. **MAIL** a copy of the Petition (ECF No. 1), and this Order, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to (1) John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060 and (2) Reggie Rader at Henderson Detention Center, 18 E. Basic Road, Henderson, NV 89015.

**DATED:** July 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**