**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

RODRIGO ORTEGO-VIVANCO, *et al.*,

Petitioner,

v.

REGGIE RADER, *et al*.,

Respondents.

Case No. 2:26-cv-02068-RFB-DJA

**ORDER GRANTING WRITS OF HABEAS CORPUS**

Petitioners Rodrigo Ortego-Vivanco, Marcos Antonio Espinoza-Espinoza, Yesenia Adriana Murillo Ramos, Yanira Garcia Escobar, and Leticia Yamilet Rojas Angel filed a joint petition for writs of habeas corpus under 28 U.S.C. § 2241. See generally Joint Pet. for Writ of Habeas Corpus, ECF No. 1 (July 8, 2026) [hereinafter, "Pet."]. For the following reasons, the Court grants the Petition, awards petitioners writs of habeas corpus, and directs Respondents to immediately release them from custody.

## I.    INTRODUCTION

Petitioners challenge the lawfulness of their ongoing detention in the custody of Immigration and Customs Enforcement ("ICE").[1] After preliminarily reviewing their petition, the Court ordered Respondents to "file a response which shows cause for Petitioners' detention by "'certifying [its] true cause.'" O.S.C. 3, ECF No. 3 (July 9, 2026) (quoting 28 U.S.C. § 2243) (alteration in original) (citation modified). In turn, Respondents certified that they are detaining Petitioners under 8 U.S.C. § 1225(b)(2)(A) pursuant to Federal Respondents' (*a.k.a.*, "the government's") novel statutory interpretation of this provision. See generally Notice Regarding

---

[1] Petitioners are currently being held at the Nevada Southern Detention Center and the Henderson Detention Center, which are both located in the Las Vegas Valley.

Class Membership, ECF No. 10 (July 17, 2026). [hereinafter, "Opp'n"].[2] This Court is well acquainted with Federal Respondents' radical reimagination of the Immigration and Nationality Act ("INA"), as the Court has repeatedly rejected because it is unlawful. See, e.g., Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases).[3] In fact, the government's statutory interpretation has recently been rejected by the Ninth Circuit and is unequivocally illegal within this circuit. See generally Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026).

As discussed below, Respondents have asserted a detention authority that is unlawful as applied to each petitioner. See generally id. Therefore, Respondents have acted in violation of the INA, this Court's declaratory judgment/vacatur, and the law of this Circuit. In doing so, the government has utterly failed to provide a lawful basis for Petitioners' continued detention; furthermore, the government has failed to show that it has afforded Petitioners the full suite of procedures they are owed as a matter of statute, and corresponding regulations. On that basis, the Court finds the appropriate remedy in this case is Petitioners' immediate release from custody. The Court does not reach the due process arguments raised by Petitioners, see Pet. at 12–14, but reserves the right to rule upon these arguments at a later date as may be necessary.

## II.    CLASS MEMBERSHIP

Based on the Parties' undisputed factual allegations, and the evidence they supply, the Court finds that each petitioner is a member of the Jacobo-Ramirez Class. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings); see also Jacobo-Ramirez, 2026 WL 879799, at *4 (citation omitted) (defining the Jacobo-Ramirez Class).

---

[2] Respondents John Mattos and Reggie Rader, Wardens of the Nevada Southern Detention Center and the Henderson Detention Center, take no position on the merits of the Joint Petition. See generally Resp't Mattos' Resp., ECF No. 8; Resp't Reggie Rader's Resp., ECF No. 9. Indeed, the Facility Respondents insist that they have no independent authority to release Petitioners.

[3] On March 30, 2026, the Court issued a class-wide judgment declaring the government's interpretation of § 1225(b)(2)(A) unlawful under the INA because undocumented noncitizens like Petitioners, who are arrested by ICE officers in the interior of the country and alleged to have entered without inspection/parole, are subject to detention under § 1226(a) and its implementing regulations: 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026).

### A. MEMBERSHIP

#### a. *Rodrigo Ortego-Vivanco*

Initially, Petitioner Rodrigo Ortego-Vivanco is a member of the <u>Jacobo-Ramirez</u> Class. The Parties agree that he satisfies the criteria of class membership. <u>See</u> Pet. at 5, 10–11; Opp'n at 2. Based on their undisputed factual allegations, which this Court accepts as true, the Court finds that Mr. Ortego-Vivanco falls within the class.

#### b. *Marcos Antonio Espinoza-Espinoza*

Meanwhile, Respondents contend that Petitioner Marcos Antonio Espinoza-Espinoza does not qualify for class-wide relief. <u>See</u> Opp'n at 2. The Court disagrees, as he satisfies all the criteria of the class definition. First, Petitioner is an undocumented noncitizen who was arrested and detained by ICE on April 22, 2026; to date, he remains in ICE custody. <u>See</u> Pet. at 10; R. of Deportability/Inadmissibility 14, ECF No. 10-1 (Apr. 22, 2026) [hereinafter, "Espinoza I-213"]. Second, he is in removal proceedings before the Las Vegas Immigration Court, *i.e.*, within the District of Nevada. <u>See</u> Notice to Appear 17, ECF No. 10-1 (Apr. 22, 2026) [hereinafter, "Espinoza NTA"]. Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. <u>See</u> Espinoza I-213 at 14–15; Espinoza NTA at 17; <u>cf.</u> Pet. at 10. Fourth, Federal Respondents are detaining Petitioner under § 1225(b)(2)(A), and they do not assert that he is, or will be, subject to detention under §§ 1226(c), 1225(b)(1), or 1231. <u>See</u> Pet. at 10; Opp'n at 3. Fifth, Petitioner was most recently arrested well within the country's interior, not while arriving in the United States. <u>See</u> Pet. at 10; Espinoza I-213 at 2. In sum, Petitioner Espinoza-Espinoza falls neatly within the <u>Jacobo-Ramirez</u> Class, and he is entitled to the relief afforded to it by this Court.

Federal Respondents dispute this, arguing that Mr. Espinoza-Espinoza is "not a [c]lass [m]ember because he already had a bond hearing on May 4, 2026." Opp'n at 2. As this Court has previously explained, "[t]his argument is not well taken, as none of the criteria of class membership" hinge on bond hearings. <u>See</u> Order Granting Writ of Habeas Corpus at 3, <u>Herrera v. Mullin</u>, No. 2:26-cv-01526-RFB-EJY (D. Nev. July 30, 2026) (ECF No. 19) (citing <u>Jacobo-Ramirez</u>, 2026 WL 879799, at *4). Put differently, a noncitizen is not categorically beyond the <u>Jacobo-Ramirez</u> Class merely because they have been afforded a bond hearing. <u>See</u> <u>Jacobo-</u>

Ramirez, 2026 WL879799, at *4 (citation omitted). Par for the course, Respondents fail to explain, or offer any support, for their claim that a bond hearing—which itself is unmoored from any established procedures, see infra 6 n.4—somehow places a noncitizen beyond the Jacobo-Ramirez Class. They offer no reasoning on this point. See generally Opp'n. They do not cite authorities to support their position. See generally id. And, as always, they fail to meaningfully engage with the class definition. See generally id. On this record, the Court declines to exclude Mr. Espinoza-Espinoza from the Jacobo-Ramirez Class merely because Respondents say that he does not belong to it.

### c. *Yesenia Adriana Murillo Ramos*

Moving on, Petitioner Yesenia Adriana Murillo Ramos also falls within the Jacobo-Ramirez Class. The Parties agree that she satisfies the criteria of class membership. See Pet. at 4, 9–10; Opp'n at 2. Based on their undisputed factual allegations, which this Court accepts as true, the Court finds that Ms. Murillo Ramos is a member of the Jacobo-Ramirez Class.

### d. *Yanira Garcia Escobar*

Similarly, Petitioner Yanira Garcia Escobar is also a member of the Jacobo-Ramirez Class. The Parties agree that she satisfies the criteria of class membership. See Pet. at 4, 9; Opp'n at 2. Based on their undisputed factual allegations, which this Court accepts as true, the Court finds that Ms. Garcia Escobar is a member of the Jacobo-Ramirez Class.

### e. *Leticia Yamilet Rojas Angel*

Contrary to Federal Respondents' Opposition, Petitioner Leticia Yamilet Rojas Angel also satisfies all the criteria of class membership. First, Ms. Rojas Angel is an undocumented noncitizen who was arrested and detained by ICE on April 27, 2026, and she remains in detention to this day. See Pet. at 8. Second, she is in removal proceedings before the Las Vegas Immigration Court, *i.e.*, within the District of Nevada. See Order of the Immigr. Judge 2, ECF No. 13-2 (July 20, 2026); Notice to EOIR 8, ECF No. 10-1 (July 10, 2026). Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See R. of Deportability/Inadmissibility 5–6, ECF No. 10-1 (Apr. 27, 2026) [hereinafter, "Rosas Angel I-213"]; cf. also Pet. at 8. Fourth, Federal Respondents are detaining Petitioner under § 1225(b)(2)(A), and they do not assert that

she is, or will be, subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See Opp'n at 3; Pet. at 8–9. Fifth, Petitioner was most recently arrested well within the country's interior, not while arriving in the United States. See Rosas Angel I-213 at 5–6; Pet. at 8. In sum, Petitioner Rojas Angel falls neatly within the Jacobo-Ramirez Class, and she is entitled to the relief afforded to it by this Court.

As above, Federal Respondents disagree, arguing that she is not entitled to class-wide relief because she was scheduled for—and has now received—a bond hearing. See Opp'n at 1–2. Once again, the Court rejects this argument for the same reasons it has already explained. See supra at 3–4.

### B. CLASS-WIDE RELIEF

As Jacobo-Ramirez Class members, Petitioners are entitled to enforcement of the declaratory judgment/vacatur afforded to the Class by this Court. Months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. This statutory interpretation has since been explicitly adopted by the Ninth Circuit and is now binding on this Court and Respondents. See Rodriguez Vazquez, 2026 WL 2196424, at *3 ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Because Federal Respondents' only basis for detaining Petitioners is § 1225(b)(2)(A), see generally Opp'n, their ongoing detention is therefore unlawful under the INA, as set forth in Rodriguez Vazquez, and this Court's class-wide declaratory judgment.

### III.    REMEDY

Based on the record before it, the Court finds that Petitioners have been subjected to arbitrary, erroneous detention in violation of their statutory rights, as well as the Jacobo-Ramirez judgment. Thus, the Court's task is to determine the appropriate remedy for these violations. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citation omitted) ("Federal courts have a

fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fashion the remedy as law and justice require . . . ."); Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243) (same). For the following reasons, the Court finds that immediate release is the appropriate equitable remedy in this case.

As previously stated, Respondents have asserted that 8 U.S.C. § 1225(b)(2)(A)—and its associated procedures, or rather, lack thereof—governs Petitioners' detention. Respondents have explicitly disavowed any reliance on 8 U.S.C. § 1226(a), including its implementing regulations and associated procedures, as the authority that governs Petitioners' detention, despite numerous rulings from this Court—and six circuit courts—which reach the opposite conclusion. See Jacobo-Ramirez, 2026 WL 879799, at *34–35 (collecting cases); see also generally Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Rojas v. Olson, --- F.4th ---, 2026 WL 2198315 (7th Cir. July 30, 2026); Rodriguez Vazquez, 2026 WL 2196424 (9th Cir. July 30, 2026); Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026); Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026). The Court thus finds that Respondents have relied upon unlawful statutory authority for Petitioners' arrest and continued detention with no indication that they have applied the proper detention authority, 8 U.S.C. § 1226(a), or the procedures required therein as to Petitioners.

Moreover, the Court finds that, to the extent Respondents have afforded Petitioners *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full—as required by the statute, its implementing regulations, and this Court's declaratory judgment.[4] See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022); see also generally Resps. to Interrogs., ECF No. 6. (conceding that ICE did not conduct an initial custody determination as to any petitioner for purposes of their most recent arrest); see also Joint Traverse Supporting Joint

---

[4] To the extent Respondents assert a bond hearing was held in this case, the Court incorporates by reference, as if it were set forth in full herein, its decision in Sanchez Sandoval v. Blanche, No. 2:26-cv-01387-RFB-NJK, 2026 WL 1803675 (D. Nev. June 23, 2026) (footnote omitted) ("Since Petitioner's . . . detention without appropriate procedures was unlawful . . . , the subsequent bond hearing did nothing to address this unlawful conduct. Respondents cannot cure [their] violations by conducting a *post hoc* bond hearing."). Moreover, as Respondents have disavowed reliance on § 1226, and its implementing regulations and procedures, it is unclear what statute—and associated standards, burdens, or procedures—apply to such a legally untethered "bond hearing" proceeding.

Pet. 8–9, ECF No. 11 (July 22, 2026) (identifying the same). To the contrary, Federal Respondents have conceded—in both sworn interrogatories and open court—that they are not conducting initial custody determinations (one such procedure) or issuing Form I-286 notices of initial custody determinations to Class Members as a matter of policy. See Hr'g Tr. at 17:22–20:10, Jacobo-Ramirez, No. 2:25-cv-02136-RFB-MDC (D. Nev. June 1, 2026) (ECF No. 157).

Indeed, the government has openly defied Jacobo-Ramirez, and the mandates it set forth, for months, repeatedly asserting this rejected detention authority to justify their practice of indiscriminately detaining noncitizens like Petitioners. Now, that "authority," as applied to Petitioners, has been squarely rejected by the Ninth Circuit. See Rodriguez Vazquez, 2026 WL 2196424, at *10–26. On that basis, the Court finds Respondents have failed to identify any lawful authority that permits Petitioners' continued detention when called to do so by this Court. Thus, immediate relief is the sole appropriate remedy.

Finally, the Court also finds, based upon Respondents' history[5] of misconduct with respect to these cases, it must adopt additional equitable remedies to ensure that Federal Respondents abide by the appropriate statutory authority, its implementing regulations, and associated procedures.[6] Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioners under § 1226(a), Federal Respondents must provide them with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation

---

[5] To elaborate, Federal Respondents have engaged in a systemic pattern of noncompliance with this Court's orders in related habeas matters. These violations include, *inter alia*: removing petitioners from the District of Nevada; failing to release petitioners as ordered; disregarding deadlines; failing to provide constitutionally adequate bond hearings; and imposing unlawful release conditions. See, e.g., Jimenez Gomez v. Dep't of Homeland Sec., No. 2:26-cv-00922-RFB-DJA, 2026 WL 1164736, at *2–3 (D. Nev. Apr. 29, 2026) (collecting examples).

[6] The Court adopts this additional equitable remedy, in part, as a means of safeguarding Petitioners' due process rights. The Ninth Circuit has, when deciding a facial challenge to 8 U.S.C. § 1226(a) brought under the Fifth Amendment's Due Process Clause, recognized that § 1226(a) and its implementing regulations set forth a scheme designed to guarantee certain noncitizens "substantial procedural protections" against the erroneous deprivation of their liberty. Rodriguez Diaz, 53 F.4th at 1196. "[The Ninth Circuit] in fact cited § 1226(a)'s procedures as a reference point for what [the Ninth Circuit] believed should be required under [§§ 1225(b), 1226(c), and 1231(a)(6)]." Id. at 1202. Because Petitioners have also raised due process challenges to their detention, the Court finds it appropriate to ensure that those rights are protected moving forward.

omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community"); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioners' rights to date.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioners' Joint Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioners from detention on **August 1, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioners (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window. Petitioners must be released from detention on their personal recognizance, except for Petitioner Leticia Yamilet Rojas Angel. ICE will be permitted to impose an Order of Supervision on Petitioner Rojas Angel, and she must follow the conditions of release for any state case she has.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED**, except with respect to Petitioner Leticia Yamilet Rojas Angel, from imposing release conditions that substantially interfere with Petitioners' liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioners' personal property—including personal identification and/or employment authorization documents—upon their release.

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioners during the pendency of their current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its

implementing regulations. To the extent the government seeks to detain Petitioners under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **August 3, 2026**, confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioners' release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioners' personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioners may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 31, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 9 -